IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE HILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-622-M-BN |
| | § | |
| UNITED STATES and STATE OF TEXAS, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Through a complaint received March 2, 2017, Plaintiff Lawrence C. Hill initiated this *pro se* action in the Dallas Division of the Northern District of Texas, invoking, among other authority, the Seventh, Ninth, Tenth, and Eleventh Amendments to the United States Constitution, *see* Dkt. No. 3 at 2-3, and seeking "to settle the dispute with facts and law, and an order for the federal or state comptroller to settle the alleged debt," *id.* at 1.

Hill then filed Claimant's Notice of Filing Notice of Removal (the "Notice"), a pleading indicating Hill's intent to "remove" to this Court, presumably through this action, an action in the United States Bankruptcy Court for the Northern District of Texas. *See* Dkt. No. 8 ("[U]pon the filing of the Notice of Removal with the Clerk of the United States District Court for the Northern District of Texas, and filing copies thereof with the Clerk of the United States Bankruptcy Court for Tarrant County, Texas, the Claimant has effected removal and the Bankruptcy Court shall proceed no

further in this action unless and until the case is remanded."); *see also* Dkt. No. 9 (filed Mar. 22, 2017, further indicating his intent to "remove" his Fort Worth bankruptcy case through this proceeding).

This action has been referred to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should transfer this case to the Fort Worth Division of the Northern District of Texas under 28 U.S.C. § 1404(a).

## Legal Standards and Analysis

Venue in a civil action is governed by 28 U.S.C. § 1391(b). *See Davis v. Louisiana State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989). This statute provides that venue is proper in a judicial district: (1) where any defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b).

The Court also may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," *id.* § 1404(a)*; see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), and a district court may raise the issue of venue *sua sponte*, *see Mills v. Beech Aircraft Corp.*, 886 F.2d 758,

761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. DREDGE LEONARD FISHER*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) ("A transfer of venue may be made upon the motion of any party or by the court *sua sponte*." (collecting cases)).

Hill appears to be a resident of Fort Worth, Texas. And the Notice filed by Hill clarifies his rather confusing complaint by indicating that this action in some way relates to a bankruptcy proceeding that was pending before United States Bankruptcy Judge Russell F. Nelms. *See* Dkt. No. 8 (referencing "17-40679-rfn7"). The undersigned takes notice that Judge Nelms dismissed that action on March 21, 2017, after documenting the following:

> On February 21, 2017, Lawrence Hill Estate filed this chapter 7 case in this court. Lawrence Hill filed this case for Lawrence Hill Estate, as shown by the driver's licenses presented in both cases.
>
> I ordered Lawrence Hill to appear and show cause why this case should not be dismissed and [United States Bankruptcy Judge Harlin D. Hale's] order barring his individual ability to file bankruptcy should not be extended for an additional five years. Lawrence Hill did not appear as ordered, so I issued a bench warrant. The U.S. Marshals brought Lawrence Hill before me on March 13, 2017.
>
> Based upon the testimony and evidence at the March 13, 2017 hearing, I find that Lawrence Hill has filed a fraudulent bankruptcy case in the name of the non-existent Lawrence Hill Estate, and that he did so to circumvent Judge Hale's order barring his individual filing. I also find that Lawrence Hill modified the official bankruptcy forms and completed them falsely, presented a fake money order to pay the filing fee for this case, used a false Employer Identification Number, and listed a false address on the petition. These egregious actions are cause for dismissal and sanctions.

*In re Lawrence Hill Estate*, Case No. 17-404679-rnf-7, Dkt. No. 31 (N.D. Tex. Bankr. Mar. 21, 2017).

The undersigned observes that Hill also attempted to initiate this action by presenting seemingly fake money orders that the Clerk did not tender. *See* Dkt. Nos. 3-1 & 3-2. And the undersigned finds that, particularly because the Notice (signed March 14, 2017) was filed after the hearing before Judge Nelms, there is a substantial likelihood that this action is being pursued in an attempt to evade Judge Nelm's dismissal of the bankruptcy proceeding initiated in Fort Worth (which itself was initiated in an attempt to evade a previous sanction).

Therefore, because a substantial aspect of this action concerns a bankruptcy proceeding that occurred in Fort Worth, and because the district judges of the Fort Worth Division of this district should be aware of an action that could be an attempt to evade an order of a bankruptcy judge sitting in Fort Worth, this action should be transferred to the Fort Worth Division of the Northern District of Texas.

**Recommendation**

The Court should transfer this action to the Fort Worth Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: March 23, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE